# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SYDNEY SUDDUTH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| SHIPT, INC.; SHIPT, INC. WELFARE ) | |
| BENEFITS PLAN ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Sydney Sudduth, and hereby files this action for violations of the Employee Retirement Income Security Act of 1974 committed by the defendants named herein. In support of the relief requested herein, Plaintiff alleges the following upon personal knowledge as to herself and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys:

1. This is an action for legal and equitable relief seeking redress of violations of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA").

2. This suit is brought pursuant to 29 U.S.C. § 1132 in order to

secure benefits due to Ms. Sudduth through the SHIPT, Inc. Welfare Benefits Plan[1] (the "Plan").

3.     The Plan benefits and Plan documents Plaintiff seeks include both short-term and long-term disability benefits, waiver of premium benefits under the disability and life policies provided by or administered by Defendants, Bonus Payments from Common Stock of SHIPT, Inc., as well as any other benefits available through the Plan.

4.     Suit is also brought pursuant to 29 U.S.C. § 1132 to enforce the statutory obligation of the above-named defendants to produce to the Plaintiff all the instruments and documents pertaining to her ERISA employee welfare benefits required under 29 U.S.C. § 1021(a)(1) and (2), § 1024(b)(4), and 29 C.F.R. § 2560.503-1.

5.     Jurisdiction is appropriate under 28 U.S.C. § 1331 in that 29 U.S.C. §1132 confers jurisdiction upon the district courts of the United States where, as here, Plaintiff's claims relate to an "employee welfare benefit plan" and/or "employee pension plan" as those terms are defined within 29 U.S.C. § 1001, et. seq and The Plan "may be found" within this

---

[1] Defendants failed to respond to repeated requests for employee welfare benefit plan documents. As such, once those documents are produced, Plaintiff will amend this Complaint to name any additional Plans.

district.

6. Venue is appropriate in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

7. Therefore, venue is proper within this district pursuant to 29 U.S.C. § 1132 given that "the breach took place" within this district.

8. Furthermore, venue is appropriate under 28 U.S.C. § 1391 in that at all relevant times each of the Defendants were doing business in the State of Alabama.

9. Plaintiff Sydney Sudduth was a resident of the State of Alabama during her employment with SHIPT, Inc.

10. Defendant SHIPT, Inc. Welfare Benefits Plan (the "Plan") is an "employee welfare benefit plan" as defined within 29 U.S.C. § 1001, et. seq., and may be served with process by serving: SHIPT, Inc. Welfare Benefits Plan c/o SHIPT, Inc. 17 20th St. North, Suite 100, Birmingham, AL 35203.

11. Upon information and belief, the Plan at issue was funded by SHIPT, Inc. and its employees.

12. The Plan was provided for the purpose of conferring a benefit upon Plaintiff and other employees.

13. Plaintiff qualifies as a participant and/or beneficiary under the

Plan as that term is used in 29 U.S.C. § 1132.

14. Upon information and belief, Plaintiff qualified for and was covered by the Plan at issue for short-term disability, long-term disability, life insurance, Employee Assistance Program, and Accidental Death & Dismemberment.

15. Plaintiff began working for SHIPT, Inc. in June of 2017.

16. The merger between Target Corporation and SHIPT, Inc. was expected to close on or about December 14, 2017.

17. As part of that merger, existing employees, like Ms. Sudduth, were asked to sign agreements to receive a cash payment in lieu of the options to purchase shares of Common Stock of SHIPT, Inc.

18. On December 21, 2017, Ms. Sudduth signed the agreement offered to her.  Pursuant to that agreement, she was to receive "approximately $4,571.17 in May 2017" as an initial payment, to be processed through her payroll, and beginning in October 2018, was to receive an additional approximately $380.93 at the end of each month for the following 36 months.

19. These payments, in breach of the signed and executed Agreement, were not paid.

20. On or about April 28, 2018, Plaintiff was involved in a single-vehicle accident that left her with debilitating injuries, including a Traumatic Brain Injury ("TBI"), multiple broken bones, third-degree burns, and a brachial plexus injury.

21. Until her disability-causing accident, Plaintiff was employed by SHIPT, Inc. as a Logistician.

22. Plaintiff is continuing to receive treatment for her injuries, including rehabilitation.

23. Ms. Sudduth is left with, among other things, ongoing cognitive issues, limited use of her left arm and leg, and no movement in her left hand and foot. Plaintiff is currently unable to care for herself and is dependent upon others for her daily care.

24. Plaintiff is unable to and has not returned to work since her accident.

25. Following her accident, Plaintiff temporarily received short-term disability payments through her employer, Defendant SHIPT, Inc., and its Plan.

26. In the months following her accident, Plaintiff, through her immediate family, contacted SHIPT, Inc. multiple times by phone requesting her employee file and benefit plans.

27. Plaintiff's sister spoke, in person, to SHIPT, Inc. personnel regarding Ms. Sudduth's benefits in or about March of 2019, but, again, received no response to her inquiry.

28. Defendant SHIPT, Inc. failed to respond to Plaintiff's phone calls, failed to provide information regarding the transition of benefits from short-term to long-term disability, and failed to notify Plaintiff regarding the status of her benefits under any applicable plan or coverage.

29. After failing to resolve the issue on her own, Plaintiff, through counsel, mailed requests for production to SHIPT, Inc. on June 25, 2019 and July 31, 2019, seeking Plan documents and information regarding Plaintiff's benefits.

30. Receiving no response from SHIPT, Plaintiff contacted the registered agent for SHIPT, Inc. on August 1, 2019.

31. Defendant SHIPT, Inc. failed to respond or acknowledge any attempts at contact.

32. Plaintiff stated in all written correspondence that failure to

respond would force Plaintiff to pursue "other remedies through the court."

33. As of the date of this Complaint, SHIPT, Inc. has failed to contact or respond to Plaintiff in any way.

34. SHIPT, Inc.'s refusal to respond to either Plaintiff's claim for benefits or her request for information in the appropriate timeframe must be treated as a "deemed" or "*de facto*" denial under C.F.R. § 2560.503-1.

35. SHIPT, Inc. failed to provide Plaintiff with her employee file containing her employee benefits, which has delayed her ability to file claims in a timely manner.

36. SHIPT, Inc. refused to provide Plaintiff with relevant documentation concerning benefits available to her.

37. Plaintiff signed and filed the necessary paperwork with her employer to receive short-term disability, long-term disability, and Accidental Death & Dismemberment benefits.

38. Plaintiff may also be eligible for other employer-provided benefits, however, SHIPT, Inc.'s failure to provide the requested documents has prevented Plaintiff from determining what benefits she may be eligible to receive.

39.     Plaintiff has exhausted all known Plan remedies, or in the alternative, further use of the administrative process would be futile in light of the Defendants' conduct and as such is not required. As such, this case is ripe for determination.

40.     SHIPT, Inc. was repeatedly requested to provide documents pursuant to 29 C.F.R. 2560.503-1(h)(2)(iii).

41.     As an ERISA fiduciary, Defendants were responsible for providing timely, accurate and complete information and documents to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sydney Sudduth respectfully requests this court find jurisdiction and venue appropriate, and after trial, grant her the following relief:

a.      Compel Defendants to produce Plaintiff's complete employee file including; formal plan documents, including any amendments during the timeframe of her employment;

- all "master," "umbrella," or "wrap" plan documents;
- all insurance policies, contracts, or certificates of coverage pertaining to Ms. Sudduth's benefits during the time of Ms. Sudduth's employment;
- all benefits statements, schedules, beneficiary designations, and elections of coverage regarding Ms. Sudduth;

8

- the latest summary plan description, including all summaries of modifications/amendments taking place during the timeframe of Ms. Sudduth's employment;
- the latest or final annual report;
- all applicable collective bargaining agreements;
- any applicable trust agreements;
- any other contract instrument(s) under which the plan is established or operated;
- any administration agreements or contracts pertaining to Ms. Sudduth's benefits;
- all application or claim forms necessary to submit claims and waiver of premium claims

b.  Once production has been obtained, allow for amendment of this complaint after counsel determines the benefits to which Plaintiff is entitled;

c.  For a judgment that Defendants are liable to Plaintiff for penalties in an amount up to One Hundred Ten Dollars ($110) per day from thirty days after the first request for the materials;

d.  For a judgment against the Defendants awarding Plaintiff prejudgment interest, costs and expenses, including the reasonable attorneys' fees;

e.  For an order finding Defendants liable for breach of fiduciary duties and enjoining the Defendants from further breaches of fiduciary or co-fiduciary duties, and direct that Defendants

9

exercise reasonable care, skill, prudence, and diligence in the administration of Plaintiff's claim;

f. For an order finding the Defendants jointly and severally liable for the breaches described herein;

g. For an order requiring Defendants to provide Plaintiff with any additional benefits to which the Plaintiff would be entitled.

h. Such other relief as may be deemed just and proper.

Respectfully submitted,

*/s/  Rebecca D. Gilliland*
Thomas O. Sinclair
Rebecca D. Gilliland
Sinclair Law Firm LLC
2000 SouthBridge Parkway
Suite 601
Birmingham, AL 35209
T:  205.868.0818
F:  205.868.0894
E:  tsinclair@sinclairlawfirm.com
E: rgilliland@sinclairlawfirm.com

**ATTORNEY FOR PLAINTIFF**

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

SHIPT, Inc.
17 20th Street N
Suite 100
Birmingham, AL 35203

SHIPT, Inc. Welfare Benefits Plan
c/o SHIPT, Inc.
17 20th Street N
Suite 100
Birmingham, AL 35203